REQUESTED BY: Senator Glenn A. Goodrich Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Goodrich:
By letter dated February 12, 1981, you requested an opinion from this office in connection with LB 30 introduced during the current legislative session and set for final reading on February 18, 1981. This bill would amend existing statutes dealing with the process by which sanitary improvement districts gain approval of plans and costs for public parks, playgrounds, and recreational facilities which they propose. Such proposed improvements are required to be approved by either the municipality or the county exercising zoning jurisdiction over the property which is to be the subject of the improvements. Essentially, LB 30 would provide an alternative method of seeking that approval, the final step of which would be the majority vote of the governing body of the municipality or county involved which the bill specifically states shall not be subject to any veto. You inquire as to whether or not the express prohibition of any veto possibility is constitutionally sound.
Two preliminary observations are in order. First, while the concern you raise has merit, the short time we had to complete our review and the unsettled authority on this issue preclude a definitive response. Second, it strikes us that no county official is empowered in the first place by Nebraska statutes to exercise the kind of veto authority for which you express concern, and thus we limited our consideration of the question to the municipal context. Against this background, we find the portion of LB 30 which is the subject of your inquiry to be troubling in two respects.
The veto power is considered to be an exercise of a separate and distinct function of government. Notwithstanding that it is typically exercised by an official of the executive branch of government, it essentially is legislative in nature and a part of the legislative process. Thus, LB 30's alteration of the normal municipal legislative process in only one specific instance is quite conspicuous.
Mindful that municipalities and municipal officers generally derive their powers from state legislation, we note that mayoral veto power is expressly provided for first and second class cities by Neb.Rev.Stat. § 16-313 and § 17-111
(Reissue 1977) respectively. It follows that the State Legislature is authorized to revoke municipal powers as well as grant them which, in essence, is what the relevant language of LB 30 would do. However, the granting or revocation of such powers is not without constitutional limitation. LB 30 classifies a particular kind of matter which might come before municipal governing bodies and requires that these matters be dealt with differently than all others by those bodies. It is our view that the bill effects the kind of classification in that regard which the State Constitution commands is valid only if there is such a difference in the situation and circumstances of those particular matters that suggests the necessity or propriety of different treatment. While there well may be such a rational basis for precluding the veto power in the particular instance with which LB 30 is concerned, it is not clear to us from the language of the bill, and for that reason we find it constitutionally suspect.
Additionally, we are troubled by LB 30's application to home rule cities, such as Lincoln or Omaha, whose charters authorize the mayoral veto power. When a Nebraska municipality becomes a home rule city pursuant to the provisions of Article XI of the State Constitution, it is given control over its own affairs subject only to the State Constitution and general laws. On occasion, a conflict between a provision in a home rule charter and a state statute arises which prompts an inquiry as to whether the state statute in question is a general law, and thus, supersedes the conflicting home rule charter provision. If it is demonstrated that the matter in conflict is one of `purely local concern,' it is protected from the conflicting legislative provisions by the home rule provisions in the Constitution.Axberg v. City of Lincoln, 141 Neb. 55, 2 N.W.2d 613.
Our review revealed no authority on whether or not the veto power of a mayor provided by home rule charter is or is not a matter of purely local concern. Moreover, the case law on issues somewhat analogous is far from settled with the courts rarely attempting to articulate any all-inclusive rules, preferring instead to examine each conflict on a case-by-case basis. However, that a plausible argument can be made for the proposition that such a veto power is a matter of purely local concern is clear. If such argument should prevail, then the language of LB 30 in question would be unconstitutional and inoperative with respect to home rule cities whose charters authorize the kind of veto power in question.
Yours truly, PAUL L. DOUGLAS Attorney General Shanler D. Cronk Assistant Attorney General